[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————

No. 22-12591

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN LANCE CAMERON,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cr-00342-AMM-GMB-1

————————————

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

John Cameron appeals his 188-month sentence for bank robbery. He contends the district court erred in applying a sentencing enhancement for possession of a firearm during the offense and imposed a substantively unreasonable sentence. After review, we affirm.

## I. DISCUSSION

### A. *Firearm Enhancement*

As Cameron did not object to the firearm enhancement, it is reviewed for plain error. *See United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012) (stating we review an argument not made before the district court for plain error). To correct under plain-error review, (1) there must be error; (2) the error must be plain; (3) the error must affect the defendant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* A defendant's substantial rights are prejudiced when the error affected the outcome of the district court proceedings. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). The burden is on the defendant to show the error affected the district court outcome. *Id.* If the effect of the error is uncertain, there is no plain error. *Id.* at 1300.

Even assuming the district court erred in imposing the firearm enhancement,[1] the error did not affect Cameron's Guidelines range and prejudice his substantial rights. After his firearm enhancement, Cameron's combined adjusted offense level was 28, but the Chapter Four career offender enhancement increased his offense level to 32. Because the Chapter Four career offender enhancement effectively set a mandatory minimum offense level, the firearm enhancement did not change Cameron's total offense level. *See* U.S.S.G. § 4B1.1(b)(3) (providing when a career offender commits a crime with a statutory maximum sentence of at least 20 but less than 25 years, the offense level is 32). Even without the firearm enhancement, Cameron would have had the same total offense level and criminal history category, which would have resulted in the same Guidelines range. Cameron's speculation as to the effect of the enhancement is insufficient to show the district court outcome was changed, prejudicing his substantial rights, so there is no plain error. *See Rodriguez*, 398 F.3d at 1299-30. Accordingly, we affirm as to this issue.

B. *Reasonableness*

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*). A court abuses its discretion if it does not give relevant factors due weight, significantly weighs an irrelevant

---

[1] When a firearm is brandished or possessed during a robbery, the specific offense level under the Sentencing Guidelines is increased by five levels. U.S.S.G. § 2B3.1(b)(2)(C).

or improper factor, or errs in its consideration of sentencing factors. *Id.* at 1189. The party challenging the sentence has the burden to demonstrate the sentence is unreasonable. *Id.* at 1191 n.16.

A sentencing court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter crime, and protect the public. 18 U.S.C. § 3553(a). The court must also consider the nature and circumstances of the offense and the defendant's individual history and characteristics. *Id.* A Guidelines-range sentence is expected—but not presumed—to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The district court did not abuse its discretion because it imposed a substantively reasonable sentence. Cameron's sentence was within the Guidelines, he has a history of violent crime, including convictions for robbery and kidnapping, and his offense involved violent threats. The district court imposed a reasonable sentence which reflected Cameron's personal history and characteristics and the circumstances of the offense. *See* 18 U.S.C. § 3553(a). Cameron has not demonstrated the district court made a clear error of judgment or weighed an improper factor.

## II. CONCLUSION

Cameron did not object to the firearm enhancement at sentencing and cannot show any error affected his substantive rights, and the district court did not abuse its discretion in applying a within Guidelines range sentence.

**AFFIRMED.**